UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLFLOAT INC., <br><br> Plaintiff, <br><br> v. <br><br> JONATHON A. GOODYEAR, et al., <br><br> Defendants. | Case No. 17-cv-01742-KAW <br><br> **ORDER REQUIRING SUPPLEMENTAL BRIEFING** <br><br> Re: Dkt. No. 23 |

On January 9, 2018, Plaintiff BillFloat Inc. filed a motion for default judgment on its trademark infringement and related state law claims. (Dkt. No. 23.) The Court requires supplemental briefing.

First, Plaintiff does not appear to apply the Ninth Circuit's test for false advertising under the Lanham Act, which requires:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product;
>
> (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience;
>
> (3) the deception is material, in that it is likely to influence the purchasing decision;
>
> (4) the defendant caused its false statement to enter interstate commerce; and
>
> (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Skydrive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012). Plaintiff must explain how each of these elements are met. It is not sufficient to state that the elements are satisfied. (*See* Plf.'s Mot. at 8 (listing elements of claim and concluding "That is satisfied here" with no analysis), Dkt. No. 23.)

Second, Plaintiff brings a claim for intentional interference with contractual relations, which requires "a valid contract between plaintiff and a third party." (Plf.'s Mot. at 9.) As the third-party consumers were prospective clients of Plaintiff's, not actual clients, Plaintiff must identify what contract existed. *Cf. Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990) ("The tort of interference with prospective economic advantage protects the same interest in stable economic relationships as does the tort of interference with contract, though interference with prospective advantage does not require proof of a legally binding contract").

Third, the Court requires further information from Plaintiff regarding the calculation of damages. Plaintiff asserts that 369 potential customers of Plaintiff were diverted to Defendants' websites in 2016 and 2017. (Hale Decl. ¶ 9, Dkt. No. 23-1.) Those customers visited for three to five minutes each. Plaintiff estimates that a user visit of that length equals $80.16 in expected profits. Thus, Plaintiff claims $29,578 in damages (369 x $80.16). Plaintiff must explain how it was able to determine that every one of the 369 visitors were on the website for three to five minutes each. Plaintiff must also explain how the $80.16 figure was calculated and what information it is based on.[1] For example, is $80.16 the average revenue Plaintiff receives from visits of three to five minutes, taking into account users who visit but do not ultimately sign up?

Plaintiff shall file a supplemental brief by **July 9, 2018.**

IT IS SO ORDERED.

Dated: June 29, 2018

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The Hale declaration includes a table estimating revenue, users, and revenue per user, but it is not clear where the revenue or revenue per user numbers come from.

2